IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE, TENNESSEE

| | |
|---|---|
| JOHN SOLOWCZUK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:13-0674 |
| | ) Judge Haynes |
| MALACE HUMAN RESOURCES, | ) |
| LARRY MALACE, and BETH PATTON, | ) |
| | ) |
| Defendants. | ) |

## CASE MANAGEMENT ORDER No. 1

### I. Jurisdiction and Venue

The parties have stipulated that the proper name of corporate defendant and former employer of Plaintiff is Malace HR, a Michigan limited liability company also known as LWM Holdings, LLC. By the agreement of the parties, Malace HR shall be substituted for the original named entity in the style and caption of this case, and Malace HR shall be considered the only corporate defendant in this action. The entity identified as "Malace Human Resources d/b/a Malace International LLC d/b/a Malace Integrated Services" shall not be considered a party to this action.

Plaintiff asserts that federal jurisdiction exists over Plaintiff's Complaint pursuant to American with Disabilities Act, The Tennessee Human Rights Act and The Tennessee Disability Act. The parties agree to Federal Subject Matter Jurisdiction as against the Defendant Malace HR pursuant to Federal Questions. The parties agree that supplemental subject matter

Error! Unknown document property name.
Case 3:13-cv-00674   Document 19   Filed 09/23/13   Page 1 of 8 PageID #: 169
Case 3:13-cv-00674   Document 20   Filed 09/24/13   Page 1 of 8 PageID #: 177

jurisdiction for the state claims made by Plaintiff against employer Malace HR is presented pursuant to 28 U.S.C. 1367.

The individual defendants, Larry Malace and Beth Patton contest federal subject matter jurisdiction over the individual defendants based upon a violation of the American with Disabilities Act. Neither Mr. Malace or Ms. Patton individually employed Plaintiff. The individual defendants maintain that there is no cause of action against them individually pursuant to the American with Disabilities Act. Accordingly, these individual defendants contest supplemental federal subject matter jurisdiction premised upon the American with Disabilities Act. In his Second Amended Complaint, Plaintiff has now asserted federal diversity jurisdiction over the individual defendants. Assuming that Plaintiff is a citizen of the State of Tennessee, each of the individual Defendants acknowledge that they are citizens of the State of Michigan.

Venue is appropriate for Plaintiff's termination claim in the Middle District of Tennessee Court. Counsel for Defendants, Malace HR and individuals Larry Malace and Beth Patton accepted service of process on behalf of these persons and Malace HR.

## II. Parties' Theories of the Case

### 1. Plaintiff's Theory of the Case

Plaintiff claims he was terminated based on his disability in violation of the Tennessee Human Rights Act and the American's with Disability Act. On March 6, 2013 Plaintiff sent an email to Beth Patton which stated he was going to a doctor for Severe Depression. He was terminated on March 7, 2013. He never received any disciplinary actions, nor were there any

**Error! Unknown document property name.**
Case 3:13-cv-00674   Document 19   Filed 09/23/13   Page 2 of 8 PageID #: 170
Case 3:13-cv-00674   Document 20   Filed 09/24/13   Page 2 of 8 PageID #: 178

complaints of his work. He was told during the termination that his disability played a part in the termination and that once he "took care of it" they saw a place for him in the company.

Any claim of business necessity is not founded in fact. The company immediately advertised his job. The Plaintiff did not work on the account the account the company gave as a pretext for the termination. The Company did not terminate others in the office who did work on the account the company lost. The Company told Plaintiff he was the best choice for a new, large, Tennessee account just before the termination.

Plaintiff alleges negligent infliction of emotional distress as against Larry Malace and Beth Patton. This claim is based in part on the reckless behavior of terminating Plaintiff within 24 hours after notice of severe depression. Additionally, the company ordered him out of his home, and wielded undeserved power over his domicile. Plaintiff was a named tenant on the apartment lease, therefore, the company had no right or power to order him out.

Plaintiff also alleges intentional infliction of emotional distress, when agents of the Employer and on behalf of the employer phoned and texted Plaintiff on behalf of the employer. In these conversations, Plaintiff was told the Sheriff of Oakland was investigating him, and Defendant had evidence of a crime that Plaintiff committed. Plaintiff was told to drop his case or the Defendant was going to turn this evidence over to the Sheriff.

While Plaintiff will offer evidence that the disability was the sole basis for the termination, Plaintiff will also argue the expansion of the Rehabilitation Act which specifically required the disability to be the sole reason for termination. The Legislature removed the word "soley" in the American's with Disability Act and as such Plaintiff need only show that the depression was a motivating factor not sole factor.

**Error! Unknown document property name.**
Case 3:13-cv-00674   Document 19   Filed 09/23/13   Page 3 of 8 PageID #: 171
Case 3:13-cv-00674   Document 20   Filed 09/24/13   Page 3 of 8 PageID #: 179

## 2. Defendant's Theory of the Case

All of the Defendants deny that they discriminated against Plaintiff in any way under any theory alleged in the Complaint or any amendments thereto. Plaintiff's allegation that he was discharged because of his asserted disability is not correct. The Employer, Malace HR, had legitimate non-discriminatory reasons for discharging Plaintiff. Plaintiff was aware that the had recently lost a major client in the Middle Tennessee area, and the Employer believed that the loss of the account may be attributed in large part to Plaintiff's mismanagement of the recruiter-in-training responsible for placing employees at that major client. Plaintiff's own declining performance along with the loss of a major client for the company led to Plaintiff's termination. Plaintiff knew of the operational problems with the Middle Tennessee office and was notified by his employer almost a month before his discharge that the performance of the Nashville operation for the last quarter of 2012 and first part of 2013 was unacceptable and was not profitable. Plaintiff was an "at will" employee and the employer had legitimate business reasons for discharging the Plaintiff and did not discriminate against him due to any alleged disability. The decision to terminate Plaintiff was reached before the Employer received the March 6, 2013 e-mail referring to Plaintiff's appointment. In addition, when he was terminated, Plaintiff signed a release in exchange for valuable consideration to which he was not otherwise entitled and waived and released any claims against his employer or any of the individuals sued in this case. The employer believes that the release bars this action.

The individual Defendants, Larry Malace and Beth Patton submit that the Complaint should be dismissed for a failure to state a claim upon which relief may granted against them individually. The individual defendants were not the employer of Plaintiff. They deny that they discriminated or mistreated Plaintiff in any way. Moreover, the individual defendants maintain

**Error! Unknown document property name.**
Case 3:13-cv-00674   Document 19   Filed 09/23/13   Page 4 of 8 PageID #: 172
Case 3:13-cv-00674   Document 20   Filed 09/24/13   Page 4 of 8 PageID #: 180

that there is no basis to sue them individually under the American with Disabilities Act, the Tennessee Disability Act or the Tennessee Human Rights Act. In addition, they deny Plaintiff's claim for emotional stress caused by his discharge from employment, and deny that there is proper jurisdiction to hear such a claim based upon any alleged violation of the American with Disability Act. Each of the individual defendants maintain that they should be dismissed as a matter of law. The individual Defendants also believe that they are entitled to the benefit of the release and discharge of claims signed by Plaintiff. Defendants incorporate all of their defenses as stated in the pleadings with respect to their theories of the case.

### III. Schedule of Pretrial Proceedings

#### A. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) days from the date of the initial case management conference.

#### B. <u>Meeting of Counsel and Parties to Discuss Settlement Prospects</u>

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

**Error! Unknown document property name.**
Case 3:13-cv-00674   Document 19   Filed 09/23/13   Page 5 of 8 PageID #: 173
Case 3:13-cv-00674   Document 20   Filed 09/24/13   Page 5 of 8 PageID #: 181

i. **Other Pretrial Discovery Matters**

As determined at the case management conference or Friday, September 6, 2013, this action is set for a jury trial on **Tuesday, August 5, 2014, at 9:00 a.m.**

If this action is to be settled, the Law Clerk shall be notified by noon, **Friday, August 1, 2014**. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held **Monday, July 21, 2014, at 3:00 p.m.** A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on **March 1, 2014**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **March 1, 2014**. All discovery related statements shall be filed by the close of business on **March 8, 2014**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and Daubert motions shall be filed by the close of business on **April 15, 2014**, and any response thereto shall be filed by the close of business on **May 7, 2014**. Any reply shall be filed by the close of business on **May 14, 2014**.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.
[2] Strict compliance is required to Rule 8(b)(7), Local Rules of Court (effective March 1, 1994) relating to motions for summary judgment.

Error! Unknown document property name.
Case 3:13-cv-00674   Document 19   Filed 09/23/13   Page 6 of 8 PageID #: 174
Case 3:13-cv-00674   Document 20   Filed 09/24/13   Page 6 of 8 PageID #: 182

time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and requests for admissions is reduced from thirty (30) to twenty (20) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court (effective March 1, 1994) shall govern.

By the close of business on **December 31, 2013**, the plaintiff shall declare to the defendants (<u>not</u> to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **January 30, 2014**, the defendants shall declare to the plaintiff (<u>not</u> to file with the Court) the identity of their expert witnesses and provide all the information specified in rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on **February 28, 2014**.

There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses without prior permission of the Court. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness

**Error! Unknown document property name.**
Case 3:13-cv-00674   Document 19   Filed 09/23/13   Page 7 of 8 PageID #: 175
Case 3:13-cv-00674   Document 20   Filed 09/24/13   Page 7 of 8 PageID #: 183

subject to deposition unless the physician expresses opinions beyond the physician's actual treatment of the party.

For expert witnesses, the expert's Fed. R. Civ. P. 26(a)(2) report is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any *Daubert* challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule I 2(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required.

C. Pursuant to Plaintiffs Oral Motion in open Court on September 6, 2013; Plaintiff is granted leave to file a second amended complaint.

It is so **ORDERED**.

ENTERED this the 24th day of September, 2013.

WILLIAM J. HAYNES, JR.
United States District Judge

Error! Unknown document property name.
Case 3:13-cv-00674   Document 19   Filed 09/23/13   Page 8 of 8 PageID #: 176
Case 3:13-cv-00674   Document 20   Filed 09/24/13   Page 8 of 8 PageID #: 184